CHARLES K. DONNELL, In Equity *vs.* ISADORE F. SMITH et al.

Androscoggin.    Opinion November 23, 1923.

*That further litigation may be avoided, all parties in interest being before the court, in an equitable proceeding where the pleadings seek the determination of the rights of the parties in any given case, affirmative relief may be granted to defendant in matters growing out of the transaction.*

In the instant case, a bill in equity asking for the specific performance of an oral agreement to convey real estate, the sitting Justice found the existence of the facts necessary to granting equitable relief to the plaintiff, but also found that the plaintiff had broken a warranty as to the condition of an automobile which was part consideration for the purchase, and as a part of his decree properly assessed damages in favor of the defendant in the sum of one hundred dollars.

On appeal.  A bill in equity for specific performance of an oral agreement to convey real estate.  As a part of the consideration for the purchase of the real estate plaintiff delivered to defendant a second-hand automobile expressly warranting it to be in good running condition.  The defendant claimed that the automobile was not what it was warranted to be and asked for compensation for damages resulting from a breach of the warranty.  The sitting Justice found that there was a breach of warranty and assessed the damages in the sum of one hundred dollars in the decree to be paid before conveyance could be required.  Plaintiff appealed from the findings contending that the defendant's remedy for the alleged breach of warranty was by an action at law.  Appeal dismissed.  Decree of sitting Justice affirmed with additional costs.

The case is stated sufficiently in the opinion.

*Clifford & Clifford,* for plaintiff.

*Harry Manser,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

CORNISH, C. J. This bill in equity was brought to enforce the specific performance of an oral agreement to convey real estate. The consideration of the sale consisted of part cash, the payment of certain outstanding mortgages and the delivery to the defendants of a second-hand automobile at a valuation of $800 with the express warranty on the part of the plaintiff that the car was in good running order. The defendants set up the warranty and a breach thereof in their answer and asked compensation therefor.

The sitting Justice found the existence of the oral contract to convey, the possession of the plaintiff thereunder, and the making of improvements by him to the amount of about $1,700, the terms of the consideration as claimed, the existence of the warranty of the automobile, and a breach thereof, with damages fixed at $100. He therefore entered a decree ordering specific performance, provided that before the deed was delivered and conveyance made to the plaintiff, said plaintiff should deposit with the Clerk of Court to be paid to the defendant the sum of one hundred dollars, the damage caused by the breach.

The cause is before the Law Court on appeal from this decree, but the only contention urged by the plaintiff is that the defense as to breach of warranty cannot be considered in this cause, that the plaintiff is entitled to specific performance free from any conditions, and the only remedy open to the defendants is by an independent action at law.

This contention cannot be sustained. The automobile clothed with its warranty was an integral part of the entire consideration. There was a single transaction between the parties and this transfer and warranty were involved in that transaction. This claim of one hundred dollars was not created by any independent contract, apart from the purchase and sale of the land. It was part and parcel of it as much as the discharge of the mortgages or the payment of the cash. The breach of the contract constituted a failure on the part of the plaintiff to perform his part of the contract and to pay the agreed price. It had the same effect as if the payment of the cash called for had been made in part in counterfeit money. It would be senseless to claim that under such circumstances the defendants must accept the spurious as real in this transaction, make conveyance, and then

be relegated to an action at law to recover the balance of real money due, with all the expense and uncertainties of litigation and the further uncertainty of collecting any judgment obtained.

A court in equity is not so helpless as that would indicate. It is a useful and healthy rule in equity practice and procedure that in order to avoid further litigation where all parties in interest are before the court and the power of the Chancellor has been sought by the pleadings in a given case to establish their rights, the decree may be so framed as to give affirmative relief to the defendant concerning matters arising from and connected with the transaction. This principle has been squarely recognized and applied in the very recent case of *Morneault in eq.* v. *Sanfacon et als.*, 122 Maine, 76. The authorities are there collected and analyzed, rendering further discussion here unnecessary. It is sufficient to say that this court hereby adheres to and reaffirms that doctrine as being in its nature highly equitable, and working out substantial justice to all parties.

The entry will be,

> *Appeal dismissed.*
> *Decree of sitting Justice affirmed*
> *with additional costs.*